# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LANGSTON MEADOR,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. J. ALVIDREZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01058-LJO-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER FILED JUNE 17, 2009<br><br>(Doc. 5) |

**I.    Motion for Reconsideration**

On June 16, 2009, Plaintiff William Langston Meador, a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion seeking leave to proceed in forma pauperis. On June 17, 2009, the Court denied Plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), and ordered Plaintiff to pay the $350.00 filing fee in full within thirty days. On June 30, 2009, Plaintiff filed a motion entitled "Motion for Discovery - Request or Responses." (Doc. 5.) The filing is an objection to the Court's order of June 17 rather than a discovery motion, and therefore, will be treated as a motion for reconsideration.

**A.    Standard for Motions for Reconsideration**

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce

the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

**B.    Strikes Under Section 1915(g)**

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In finding that Plaintiff was ineligible to proceed in forma pauperis in this action, the Court identified the following cases as strikes under section 1915(g): 1:05-cv-00939-OWW-DLB PC Meador v. Pleasant Valley State Prison, et al. (dismissed 07/12/2007 for failure to state a claim); 1:07-cv-00952-LJO-DLB PC Meador v. C.C.I. Tehachapi, et al. (dismissed 06/30/2008 for failure to state a claim); 1:06-cv-01572-AWI-DLB PC Meador v. Corcoran State Prison, et al. (dismissed 08/05/2008 for failure to state a claim); and 1:06-cv-00926-LJO-GSA PC Meador v. Pleasant Valley State Prison, et al. (dismissed 05/26/2009 for failure to state a claim).

Plaintiff argues that case numbers 1:05-cv-00939, 1:07-cv-00952, and 1:06-cv-01572 cannot be counted as strikes because his appeals of the dismissals are still pending at the Ninth Circuit, and case number 1:06-cv-00926 cannot be counted as a strike because it was reversed on appeal and remanded to this court.

Plaintiff's arguments are without merit. The dismissals of the first three actions listed, for failure to state a claim, are dismissals within the meaning of section 1915 (g), and count as strikes. O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). If the dismissals are reversed on appeal in the future, they will no longer be counted as strikes. Until and unless that occurs, however, the cases are strikes. Id.

///

1   Case number 1:06-cv-00926 was screened and dismissed on for failure to exhaust on March 27, 2007, and that ruling was reversed on appeal on May 21, 2009. The case was then screened a second time and dismissed for failure to state a claim on May 26, 2009, resulting in Plaintiff's fourth strike under section 1915(g).

### C.     Conclusion and Order

Plaintiff's contention that the dismissals of his first three cases for failure to state a claim cannot be counted as strikes while his appeals are pending is without merit, and the dismissal of Plaintiff's fourth case occurred after it was screened a second time following reversal and remand to this court. Accordingly, Plaintiff's motion for reconsideration, filed June 30, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:**    **July 2, 2009**                         /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE