IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM LANGSTON MEADOR, | ) | 1:09-cv-01058-LJO-GSA-PC |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER FILED |
| vs. | ) ) | APRIL 21, 2010 (Doc. 13.) |
| SGT. J. ALVIDREZ, et al., | ) ) | |
| Defendants. | ) ) ) | |

I. **BACKGROUND**

William Langston Meador ("plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 16, 2009, along with a motion to proceed in forma pauperis. (Docs. 1, 2.) On April 1, 2010, the undersigned issued an order requiring plaintiff to pay the filing fee for this action within thirty days, pursuant to the court's prior order of June 17, 2009 which denied plaintiff's motion to proceed in forma pauperis under 28 U.S.C. § 1915(g). (Docs. 4, 12.) On May 7, 2010, plaintiff filed objections to the court's April 1, 2010 order, which the court treats as a motion for reconsideration of the court's order. (Doc. 13.)

II. **MOTION FOR RECONSIDERATION**

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).

1

1  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin
2  Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
3  (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce
4  the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634
5  F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d
6  514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to
7  show the "new or different facts or circumstances claimed to exist which did not exist or were not
8  shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

9  **A.    Strikes Under Section 1915(g)**

10  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under
11  this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
12  facility, brought an action or appeal in a court of the United States that was dismissed on the grounds
13  that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the
14  prisoner is under imminent danger of serious physical injury."  In finding that plaintiff was ineligible
15  to proceed in forma pauperis in this action, the court identified the following cases as strikes under
16  section 1915(g):  1:05-cv-00939-OWW-DLB PC Meador v. Pleasant Valley State Prison, et al.
17  (dismissed 07/12/2007 for failure to state a claim); 1:07-cv-00952-LJO-DLB PC Meador v. C.C.I.
18  Tehachapi, et al. (dismissed 06/30/2008 for failure to state a claim); 1:06-cv-01572-AWI-DLB PC
19  Meador v. Corcoran State Prison, et al. (dismissed 08/05/2008 for failure to state a claim); and 1:06-
20  cv-00926-LJO-GSA PC Meador v. Pleasant Valley State Prison, et al. (dismissed 05/26/2009 for
21  failure to state a claim).

22  **B.    Plaintiff's Motion**

23  Plaintiff argues that he should not be precluded from proceeding in forma pauperis under §
24  1915(g), because he was under imminent danger of serious physical injury at the time he filed the
25  complaint on June 16, 2009.  Plaintiff alleges that on July 16, 2008, he was sprayed with pepper
26  spray, causing him great pain and difficulty breathing and causing his eyes to burn and swell.
27  Plaintiff also alleges he was prevented from washing off the pepper spray until the next day.
28

Plaintiff contends that injuries from pepper spray can cause serious physical injuries and even death. Plaintiff argues that because officials at the prison continued to utilize pepper spray as a practice, he was under "ongoing danger" that he would be sprayed with pepper spray again.

To meet the imminent danger requirement, the threat or prison condition must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed, Abdul-Akbar v. McKelvie, 239 F.3d 307, 313-314 (3d Cir. 2001); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir.1999).  A prisoner's allegation that he or she faced danger in the past is insufficient to allow the prisoner to proceed in forma pauperis.  Id.  Courts have concluded that a claim of being sprayed with pepper spray once fails to allege imminent danger.  Abdul-Akbar, 239 F.3d at 315.  Plaintiff's claim in the complaint concerns past wrongdoing occurring on July 16, 2008, nearly a year before the complaint was filed on June 16, 2009.  The mere possibility that plaintiff could be subject to the prison's practice of utilizing pepper spray does not establish that plaintiff was under threat of real and proximate danger at the time the complaint was filed.  Therefore, plaintiff has not met the imminent danger requirement within the meaning of the exception under § 1915. Because plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision, plaintiff's motion for reconsideration shall be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed May 7, 2010, is DENIED;
2. Plaintiff is required to pay the $350.00 filing fee pursuant to the court's order of April 21, 2010.

IT IS SO ORDERED.

**Dated:   May 11, 2010**               /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

3